**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| DAVID STEVEN BRAUN, | |
| Plaintiff, | CV 15-63-BU-BMM |
| vs. | |
| MICROSOFT CORPORATION, | **ORDER** |
| Defendant. | |

Plaintiff David Braun (Braun) has filed a Complaint pro se against Defendant Microsoft Corporation (Microsoft). (Doc. 5). Braun alleges that Microsoft may have allowed others to access his Microsoft email account. (Doc. 5 at 2). He speculates that unauthorized access may have occurred because he has been the target of a stalker, he has had "problems making appointment[s] and obtaining basic services," such as legal representation, and he has been denied job interviews and employment opportunities. (Doc. 5 at 1-3).

Microsoft has moved to dismiss this action under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8. (Doc. 8). Braun opposed Microsoft's motion initially, but later

conceded that dismissal was appropriate. (Docs. 17, 18, 24). The parties disagree as to whether dismissal of this action should be with or without prejudice. Microsoft requests dismissal with prejudice. (Doc. 25). Braun requests dismissal without prejudice. (Doc. 24).

Dismissals under Rule 12(b)(6) should ordinarily be without prejudice. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003). "This is in part due to the fact that a Rule 12(b)(6) dismissal with prejudice operates as an adjudication on the merits" barring further litigation of the matter. *Avista Corporation, Inc. v. Burlington Northern and Santa Fe Railway Company, et al.*, 2006 WL 2289840 *3 (D. Mont. 2006). Dismissal with prejudice is appropriate, however, if "it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008).

Braun has failed to set for an intelligible claim for relief. Braun has not pleaded a logical or plausible connection between his personal issues and his Microsoft e-mail account. His speculations that Microsoft may somehow be responsible for his personal issues are insufficient to support a claim. Dismissal with prejudice is appropriate under the circumstances presented in this case.

Accordingly, IT IS ORDERED:

1. Microsoft's Motion to Dismiss (Doc. 8) is GRANTED.

2. All other pending motions (Docs. 14, 20, 24) are DENIED as moot.

3. This case is DISMISSED with prejudice.

4. The Clerk is directed to enter judgment accordingly.

DATED this 11th day of February, 2016.

Brian Morris
United States District Court Judge